Darrell P. White (SBN: 270038)
Michelle E. Soon (SBN: 329098)
David J. Steadmon (SBN: 333963)
KIMURA LONDON & WHITE LLP
3 Park Plaza, Suite 1520
Irvine, California 92614
(949) 474-0940
dwhite@klw-law.com
msoon@klw-law.com
dsteadmon@klw-law.com

Attorneys for Plaintiff OMNIPRINT INTERNATIONAL, INC., a Nevada corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| OMNIPRINT INTERNATIONAL INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>v.<br><br>TIM KIRKLAND, an individual; and DOES 1 to 25,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br>1) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS; AND**<br>2) **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS** |

Plaintiff OMNIPRINT INTERNATIONAL, INC. ("OMNI" or "Plaintiff") complains and alleges as follows:

## PARTIES

1. Plaintiff OMNI, a Nevada corporation, is and at all times relevant to the Complaint was a corporation conducting business in Orange County, California.

1

COMPLAINT

2. Plaintiff is informed and believes, and thereon alleges that Defendant TIM KIRKLAND, an individual, ("Defendant" or "KIRKLAND") is and at all times mentioned herein was an individual residing in Charlotte, North Carolina. At all times relevant to the Complaint, Defendant did business with Plaintiff in Orange County, California.

3. The true names and capacities, whether individual, corporate, associate, partner or otherwise, of DOES 1 through 25, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and believes, and thereon alleges that each of the Defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff alleged in this Complaint. Plaintiff will move to amend this Complaint to show their true names and capacities when the same have been ascertained.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and Defendants. Plaintiff is a California corporation, while Defendant is a resident of North Carolina. The amount in controversy exceeds $76,000.

5. Venue is proper in this Court a substantial portion of events and happenings herein alleged arise from the same transactions or occurrences that occurred in this District. Additionally, Plaintiff has a principal place of business in this District.

## GENERAL ALLEGATIONS

6. Allegations made in this Complaint that pertain to Plaintiff are made upon information and belief, unless otherwise indicated.

7. Plaintiff OMNI is a company that has designed, built, and supported direct-to-garment ("DTG") digital printers for over fifteen (15) years. Some of

COMPLAINT

1 their printers include the Freejet 330TX and Freejet 330TXPlus, which are priced around $20,000 each. The price for the Cheetah printer goes up to $260,000.

8. In or around January 21, 2021, Defendant KIRKLAND purchased a used OMNI 330TXPlus ("Printer") from a third party. OMNI did not sell KIRKLAND the Printer and it is not under OMNI's warranty obligations.

9. For used OMNI equipment, OMNI provides repair services as its standard practice for those who purchase used equipment.

10. Between January 21, 2021 and May 10, 2021, KIRKLAND and OMNI's Technical Support exchanged e-mails concerning repairs for the Printer. True and correct copies of the e-mail correspondence are attached hereto as Exhibit "A" and incorporated herein by reference.

11. OMNI's Repair Center discovered KIRKLAND cut the HCN9 cable in the Printer while replacing another part.

12. On or about February 2, 2021, OMNI completed repairs and shipped the Printer to KIRKLAND.

13. Throughout the e-mail exchanges between January 21, 2021 and May 10, 2021, KIRKLAND frequently expressed his frustrations with OMNI.

14. On or about April 28, 2021, after several e-mail exchanges, an OMNI's Technical Support agent offered to credit KIRKLAND's account, despite the Printer being functional. KIRKLAND expressed his dissatisfaction, yet again, in e-mails dated April 28, 2021, April 29, 2021, April 30, 2021, and May 10, 2021. Specifically, in the e-mail dated April 30, 2021, KIRKLAND included the following photo indicating KIRKLAND "got 'screwed'" by owner, Chief Executive Officer, secretary, and Chief Financial Officer of OMNI, Victor Pena ("Mr. Pena").

///
///
///

3

COMPLAINT



15. In the e-mail dated May 10, 2021, KIRKLAND stated, "*I have sent emails of my dealings with omniprint [sic] to people who were gonna [sic] buy printers from you and know [sic] they are not know [sic]*." KIRKLAND contacted OMNI customers, Customer 1, Customer 2, and Customer 3, knowing they are customers of OMNI, and informed them not to purchase additional products from OMNI.

16. Additionally, OMNI hosts a group on Facebook titled, "OmniPrint DTG Users/Owners & Potential Buyers" (t"Facebook Group"). The Facebook Group is devoted to the DTG business whereby OMNI customers and potential customers can help each other and discuss topics including, how to better maximize their profits, printing tips, different printing processes, among other things.

17. On or about May 8, 2021, KIRKLAND posted the following photo in the Facebook group indicating that OMNI and Mr. Pena, "screwed" KIRKLAND "and so did 100's of others". The photo further indicates with a "pile of poo emoji" that OMNI is essentially the worst printer "you'll ever buy." As of May 11, 2021, approximately thirty-six (36) comments were made on the photo. A true and correct copy of the Facebook post and the comments as of May 11, 2021, are attached hereto as Exhibit "B" and incorporated herein by reference.

COMPLAINT



18. Comments posted by other Facebook users in response to KIRKLAND's post in the Facebook Group indicate potential OMNI customers who planned to order a printer from OMNI and were influenced by KIRKLAND's post. Specifically, the comment posted by Facebook user Dru Rigney, "*Oh damn please share issues. I was just getting ready to buy*" and another comment by Facebook user Daniel DjExzek Dominguez, "*Wow, I was about to order the 330TX Plus within the next 2 weeks. Wow wow wow*".

## FIRST CAUSE OF ACTION

**(Intentional Interference with Prospective Economic Relations Against Defendant KIRKLAND and DOES 1 to 25)**

19. Plaintiff realleges paragraphs 5-17 above, as though fully set forth herein.

20. In the e-mail dated May 10, 2021, KIRKLAND stated, "*I have sent emails of my dealings with omniprint [sic] to people who were gonna [sic] buy printers from you and know [sic] they are not know [sic]*." KIRKLAND contacted OMNI customers, Customer 1, Customer 2, and Customer 3, knowing they are customers of OMNI, and informed them not to purchase additional products from OMNI.

COMPLAINT

21. Plaintiff had a reasonable probability of future business opportunities and economic benefit in connection with its relationships with its customers.

22. KIRKLAND had knowledge of such opportunities and intentionally interfered with such opportunities. Specifically, KIRKLAND contacted Customer 1, Customer 2, and Customer 3, knowing of their relationship, and informed them not to purchase additional products from OMNI.

23. KIRKLAND committed these tortious acts with deliberate and actual malice, ill-will, and oppression in conscious disregard of Plaintiff's rights. KIRKLAND knew Customer 1, Customer 2, and Customer 3 were potential customers of OMNI. KIRKLAND also knew the members of the Facebook group are potential customers of OMNI and posted the photo to intentionally, with ill-will, and to influence potential customers to refrain from purchasing printers from OMNI. Plaintiff is entitled to punitive and exemplary damages against Defendant in an amount as the jury may find necessary for the sake of example to punish the Defendant for his unlawful conduct in an amount sufficient to deter Defendant, from engaging in similar conduct against others in the future.

24. KIRKLAND's actions have disrupted Plaintiff's relationships and business opportunities with its customers.

25. As a direct and proximate result of Defendant's conduct, Plaintiff has been injured by Defendant in an amount in excess of $76,000. Plaintiff seeks damages in an amount in excess of $76,000 and according to proof at trial.

26. Unless KIRKLAND is restrained by appropriate injunctive relief from following through with his threat to continue contacting Plaintiff's customers with false information concerning OMNI, OMNI will continue to suffer irreparable harm, including, damage to its business reputation and relationships with its customers. Plaintiff is therefore entitled to a permanent injunction against KIRKLAND.

///

## SECOND CAUSE OF ACTION

**(Negligent Interference with Prospective Economic Relations Against Defendant KIRKLAND and DOES 1 to 25)**

27. Plaintiff realleges paragraphs 5-17 above, as though fully set forth herein.

28. In the e-mail dated May 10, 2021, KIRKLAND stated, "*I have sent emails of my dealings with omniprint [sic] to people who were gonna [sic] buy printers from you and know [sic] they are not know [sic]*." KIRKLAND contacted OMNI customers, Customer 1, Customer 2, and Customer 3, knowing they are customers of OMNI, and informed them not to purchase additional products from OMNI.

29. On or about May 8, 2021, KIRKLAND posted a photo in the Facebook group indicating that PENA and OMNI "screwed" KIRKLAND "and so did 100's of others". The photo further indicates with a "pile of poo emoji" that OMNI is essentially the worst printer "you'll ever buy."

30. Comments posted by other Facebook users in response to KIRKLAND's post in the Facebook Group indicate potential OMNI customers who planned to order a printer from OMNI and were influenced by KIRKLAND's post. Specifically, the comment posted by Facebook user Dru Rigney, "*Oh damn please share issues. I was just getting ready to buy*" and another comment by Facebook user Daniel DjExzek Dominguez, "*Wow, I was about to order the 330TX Plus within the next 2 weeks. Wow wow wow*".

31. Plaintiff had a reasonable probability of future business opportunities and economic benefit in connection with its relationships with its customers.

32. KIRKLAND knew or should have known that OMNI's economic relationships would be affected and disrupted if KIRKLAND failed to act with reasonable care in contacting OMNI customers and posting the photo in the Facebook Group.

KIMURA LONDON & WHITE LLP

33. As a result of the negligent acts of KIRKLAND, which resulted in the loss of sales in an amount in excess of $76,000, OMNI's relationships with its customers were disrupted.

34. As a direct and proximate result of the negligent interference committed by KIRKLAND, Plaintiff has suffered harm. Plaintiff has suffered damages in an amount in excess of $76,000. Plaintiff seeks damages in an amount in excess of $76,000 and according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them as follows:

As to the First Cause of Action Against Defendant KIRKLAND and DOES 1 to 25:

1. For damages in an amount in excess of $76,000, and according to proof at trial;
2. For punitive damages; and
3. For a permanent injunction.

As to the Second Cause of Action Against Defendant KIRKLAND and DOES 1 to 25:

1. For damages in an amount in excess of $76,000 and according to proof at trial.

As to All Causes of Action:

1. For such other and further relief as the Court deems just and proper.

Dated:        November 10, 2021           **KIMURA LONDON & WHITE LLP**

By: */s/ Darrell P. White*

8

COMPLAINT

Darrell P. White, Esq.
Michelle E. Soon, Esq.
David J. Steadmon, Esq.
Attorneys for Plaintiff OMNIPRINT INTERNATIONAL, INC.

COMPLAINT